UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
CLERK

2012 SEP 26 AM 10: 46

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

------------------------------------------------------------X

ELSA JIMINIAN,

          Plaintiff,

          -against-

THE CITY OF NEW YORK; POLICE OFFICER
AVIDAN SANTIAGO, in his individual and
official capacities; and JOHN DOE
Nos. 1 through 5 (whose identities are currently
unknown but who are known to have been
police officers and/or supervisors with the New York
City Police Department), as individuals and in their
official capacities,

          Defendants.

------------------------------------------------------------X

: 11 Civ. _____

: **COMPLAINT**

: Jury Trial Demanded

CV12-4809

WEINSTEIN, U.

LEVY, M.J.

      Plaintiff ELSA JIMINIAN ("Plaintiff"), by her attorneys, the LAW OFFICES OF JOEL B. RUDIN, complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

## NATURE OF ACTION

      1.     This is a civil action, pursuant to 42 U.S.C. §§ 1983 and 1988, and New York State law, seeking monetary damages for Plaintiff, ELSA JIMINIAN, a 63 year old woman, for the violation of her rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and for false arrest, assault and battery, intentional infliction of emotional distress, negligence, and *respondeat superior* liability.

      2.     On Thursday afternoon, February 16, 2012, Plaintiff questioned and objected to a police officer's actions with respect to her husband at 73rd Street and Northern Boulevard in

Queens. In response, Officer AVIDAN SANTIAGO ("Santiago") assaulted Plaintiff and handcuffed her, fracturing her elbow and causing other injuries. He illegally arrested her and forced her against her will to drive with him to the 115th Precinct where, despite her pleas for help within view and hearing of John Doe Nos. 1-5, she was held for hours before being taken to a hospital. After she was returned to the precinct, Santiago, and JOHN DOE Nos. 1-5, deliberately delayed her arraignment; the total delay was more than 30 hours. As a result of these actions, Plaintiff suffered a loss of liberty, serious physical injury, and physical, mental, and emotional distress and suffering. She has incurred considerable medical expenses. Her expenses, losses, and injuries are likely to continue indefinitely.

## JURISDICTION, VENUE, AND CONDITIONS PRECEDENT

3. Jurisdiction is conferred upon this Court under 28 U.S.C. §§ 1331 and 1343, as this action seeks redress for the violation of Plaintiff's federal constitutional and civil rights.

4. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over any and all state constitutional or common law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same controversy.

5. On April 26, 2012, Plaintiff served upon Defendant City of New York timely notice of the present claims pursuant to New York General Municipal Law § 50-e. An oral examination pursuant to § 50-h was conducted on June 18, 2012.

6. This action has been commenced within one year of the accrual of Plaintiff's causes of action.

7. Plaintiff has duly complied with all of the conditions precedent to the

2

commencement of this action.

## THE PARTIES

8. Plaintiff, ELSA JIMINIAN, is a citizen and resident of the State of New York.

9. Defendant, the CITY OF NEW YORK ("Defendant City"), is a municipal corporation existing by virtue of the laws of the State of New York.

10. Defendant, AVIDAN SANTIAGO, is a Police Officer assigned to the 115th Precinct in Queens, New York. At all times relevant to this Complaint, he acted toward Plaintiff under color of the statutes, ordinances, customs, and usage of the State of New York and the City of New York, and within the scope of his employment. He is sued in his individual and his official capacities.

11. Defendants JOHN DOE Nos. 1 through 5, were officers and/or supervisors employed by the NYPD. At all times relevant to this Complaint, they acted toward Plaintiff under color of the statutes, ordinances, customs, and usage of the State of New York and the City of New York, and within the scope of their employment. They are sued in their individual and their official capacities.

## THE FACTS

12. On February 16, 2012, around 5 p.m., Plaintiff was in the front passenger's seat of the car her husband was driving in Queens, New York. As they approached the corner of 73rd Street and Northern Boulevard, her husband slowed his vehicle so that Plaintiff could exit the car, which she did.

13. After Plaintiff was on the sidewalk, she saw a police officer approach her husband's car and ask for his license and registration. Her husband does not speak English, so

she went back over to his car. She questioned and objected to the police officer's actions in stopping her husband.

14. She addressed only the police officer and her husband.

15. She did not physically interfere with the officer or cause a disturbance.

16. Upon information and belief, there were no bystanders.

17. She was not in violation of any law, but exercising her constitutional right of freedom of speech.

18. In response to Plaintiff's verbal objections, Santiago came up behind her, wrenched her arms upwards several times behind her back, hit her arms, threw her against her husband's car, and handcuffed her. Plaintiff, whose elbow was fractured as a result, was in great pain and crying out. Santiago left her handcuffed despite her pain and drove her to the 115th Precinct, where he placed her in a holding cell.

19. Plaintiff remained in excruciating pain at the 115th Precinct. She repeatedly cried out and asked for medical attention. Her daughter Melinda, who had also come to the precinct, attempted to speak to officers at the precinct in order to obtain medical help for her mother, but the officers refused to speak to Melinda. Plaintiff was ignored for hours before she was finally taken to North Shore-Long Island Hospital (the "Hospital"). During the time that Plaintiff was ignored, officers at the precinct laughed at and mocked her.

20. At the Hospital, doctors determined that Plaintiff had suffered two fractures in her left elbow and placed her left arm in a cast.

21. After treatment at the Hospital, Plaintiff was returned to the 115th Precinct, to a holding cell.

4

22. Upon return to the precinct, Plaintiff was denied food and water. When she asked for water, officers pointed at the toilet. Although many people who had been brought into the precinct after she had been were taken to be arraigned, Plaintiff remained in a holding cell at the precinct until late on Friday night.

23. During the day on Friday, officers at the precinct falsely told Plaintiff's family and her attorney that she had already been transported to the courthouse for arraignment. She was finally arraigned late on Friday night, and released.

24. Santiago and other officers manufactured a story that Plaintiff had engaged in criminal conduct in order to initiate criminal proceedings against Plaintiff.

25. Plaintiff was charged with disorderly conduct, obstructing governmental administration, and resisting arrest. These were false charges deliberately manufactured by Defendant Santiago and other officers to "justify" their prior behavior.

26. Plaintiff's injuries included elbow fractures, nerve damage, bruising, excruciating and ongoing physical pain, ongoing mental and emotional harm, loss of liberty, emotional distress, and public humiliation and embarrassment.

27. She continues to suffer physical pain, loss of or impaired bodily function, and mental and emotional distress from her injuries.

28. On September 21, 2012, the charges against Plaintiff were all dismissed.

### FIRST CAUSE OF ACTION
(False arrest, 42 U.S.C. § 1983)

29. Plaintiff repeats and realleges each and every allegation contained in ¶¶ 1 through 28 of this Complaint.

30. At all times herein mentioned, Defendants Santiago and John Doe Nos. 1-5 (the "Individual Officer Defendants") were acting under color of State law.

31. The Individual Officer Defendants each deprived Plaintiff of her rights under the Fourth and Fourteenth Amendments to the United States Constitution by, individually and in concert, arresting, confining, causing the confinement, and/or continuing the confinement of Plaintiff without any privilege whatsoever.

32. Plaintiff was conscious of her confinement.

33. Plaintiff did not consent to her confinement.

34. The Individual Officer Defendants each deprived Plaintiff of her rights intentionally, wilfully, or recklessly.

## SECOND CAUSE OF ACTION
(Due process and fair trial, 42 U.S.C. § 1983)

35. Plaintiff repeats and realleges each and every allegation contained in ¶¶ 1 through 34 of this Complaint.

36. At all times herein mentioned, the Individual Officer Defendants were acting under color of State law.

37. The Individual Officer Defendants each deprived Plaintiff of her rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution by, individually and in concert, manufacturing false evidence through their own accounts that Plaintiff was involved in criminal wrongdoing.

38. The Individual Officer Defendants, individually or in concert, used this evidence to initiate criminal proceedings against Plaintiff.

39. As a result, Plaintiff was deprived of her liberty.

40. The Individual Officer Defendants each deprived Plaintiff of her rights intentionally, wilfully, or recklessly.

### THIRD CAUSE OF ACTION
(Due process, 42 U.S.C. § 1983)

41. Plaintiff repeats and realleges each and every allegation contained in ¶¶ 1 through 40 of this Complaint.

42. At all times herein mentioned, the Individual Officer Defendants were acting under color of State law.

43. The Individual Officer Defendants each maliciously and sadistically abused their government power in their actions toward Plaintiff.

44. These actions were of a kind likely to, and which in fact did, produce substantial injury.

45. Thus, the Individual Officer Defendants violated Plaintiff's right to substantive due process under the Fourteenth Amendment to the United States Constitution by treating her in a manner that shocks the conscience.

46. The Individual Officer Defendants each deprived Plaintiff of her rights intentionally, wilfully, or recklessly.

### FOURTH CAUSE OF ACTION
(Excessive force, 42 U.S.C. § 1983)

47. Plaintiff repeats and realleges each and every allegation contained in ¶¶ 1 through 46 of this Complaint.

48. The Individual Officer Defendants intentionally touched Plaintiff.

49. Defendants' touching of Plaintiff involved the use of excessive force and caused and/or exacerbated serious injuries to Plaintiff.

50. Plaintiff did not consent to the excessive physical contact by any of Individual Officer Defendants, and they lacked any legal justification, excuse, or privilege for their conduct.

51. By virtue of the foregoing, the Individual Officer Defendants each deprived Plaintiff of her Fourth Amendment right under the United States Constitution to be free of the excessive use of force.

52. The Individual Officer Defendants each deprived Plaintiff of her rights intentionally, wilfully, or recklessly.

## FIFTH CAUSE OF ACTION
(First Amendment Retaliation, 42 U.S.C. § 1983)

53. Plaintiff repeats and realleges each and every allegation contained in ¶¶ 1 through 52 of this Complaint.

54. While in the course of his duties and while acting under color of law, Defendant Santiago used excessive force against Plaintiff, causing her serious physical injury, and he and his fellow Officer Defendants subsequently mocked her, delayed her medical treatment and her arraignment, and deliberately subjected her to physical pain.

55. Plaintiff was verbally protesting another police officer's actions with respect to her husband.

56. Plaintiff's speech was constitutionally protected.

57. Santiago's assault of Plaintiff and his and the other Officer Defendants' conduct towards her was to prevent and punish Plaintiff for her exercise of constitutionally protected

speech.

58. By virtue of the foregoing, the Officer Defendants deprived Plaintiff of her First Amendment right to free speech under the United States Constitution, and are liable to Plaintiff under 42 U.S.C. § 1983.

59. The Officer Defendants deprived Plaintiff of her rights intentionally, wilfully, or recklessly.

### SIXTH CAUSE OF ACTION
(False arrest, New York State tort law)

60. Plaintiff repeats and realleges each and every allegation contained in ¶¶ 1 through 59 of this Complaint.

61. The Individual Officer Defendants, individually and in concert, arrested, confined, caused the confinement, and/or continued the confinement of Plaintiff without any privilege whatsoever, with the intent to confine, or to cause the confinement of, Plaintiff.

62. Plaintiff was conscious of her confinement.

63. Plaintiff did not consent to her confinement.

64. Defendant City of New York is liable under the principle of *respondeat superior*.

### SEVENTH CAUSE OF ACTION
(Assault and battery, New York State tort law)

65. Plaintiff repeats and realleges each and every allegation contained in ¶¶ 1 through 64 of this Complaint.

66. The Individual Officer Defendants intentionally touched Plaintiff and caused her serious physical injury.

67. Defendants' touching of Plaintiff was harmful and offensive and occurred without

legal justification, excuse, or privilege.

68. Plaintiff did not consent to physical contact by any of Defendants.

69. Defendant City of New York is liable under the principle of *respondeat superior*.

### EIGHTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress, New York State tort law)

70. Plaintiff repeats and realleges each and every allegation contained in ¶¶ 1 through 69 of this Complaint.

71. Defendants engaged in a pattern of extreme and outrageous conduct directed at Plaintiff.

72. Defendants engaged in that pattern of conduct with an intention to, or with disregard of the substantial probability that it would, cause Plaintiff severe emotional distress.

73. Plaintiff suffered severe emotional distress as a result of, and that was proximately caused by, the Defendants' pattern of extreme and outrageous conduct.

74. Defendant City of New York is liable under the principle of *respondeat superior*.

### NINTH CAUSE OF ACTION
(Negligence, New York State tort law)

75. Plaintiff repeats and realleges each and every allegation contained in ¶¶ 1 through 74 of this Complaint.

76. When Defendant Santiago arrested Plaintiff, he owed her a duty to treat her with the same degree of care that a reasonably prudent person would use under the circumstances.

77. Defendant Santiago negligently breached that duty in the physical manner in which he arrested Plaintiff.

78. Santiago's actions were a direct and proximate cause of Plaintiff sustaining elbow

fractures, physical pain, nerve damage, and bruising.

79. Further, Defendants owed a duty of care to protect the health of Plaintiff while Plaintiff was in Defendants' custody by providing reasonably prompt medical attention to Plaintiff.

80. Defendants knew or should have known that Plaintiff required prompt medical attention.

81. Defendants' negligent delay in providing medical attention to Plaintiff was a direct and proximate cause of Plaintiff's physical injuries, physical pain, and mental and emotional anguish.

82. Defendant City of New York is liable under the principle of *respondeat superior*.

## DAMAGES DEMAND

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

a. For compensatory damages of not less than $5 million;

b. For punitive damages against the individual Defendants;

c. For reasonable attorneys' fees, together with costs and disbursements, pursuant to 42 U.S.C. §1988 and to the inherent powers of this Court;

d. For pre-judgment interest as allowed by law; and

e. For such other and further relief as this Court may deem just and proper.

LAW OFFICES OF JOEL B. RUDIN

BY: JOEL B. RUDIN, ESQ. (JR 5645)
200 West 57th Street, Suite 900
New York, New York 10019
(212) 752-7600
Email: jbrudin@aol.com

*ATTORNEY FOR THE PLAINTIFF*

Dated: New York, New York
       September 25, 2012

To:    Corporation Counsel of the City of New York

       All Defendants